UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

Chapter 11
In re:                                                                                          Case No. 25-41603  WJF

Advance Companies, Inc.

Debtor.

## SUBCHAPTER V STATUS REPORT

In accordance with 11 U.S.C. §1188(c), Advance Comapnies, Inc. (the "Debtor") submits the following report of the efforts it has undertaken, and will continue to undertake, to attain a consensual plan of reorganization.

### A.    Overview of the Debtor's Business

The Debtor, Advance Companies, Inc. ("Advance"), is a Minnesota corporation formed in 1978 and is attempting to transition from a building/modeling contractor to a consulting services company lead by Mr. Washbourne. Mr. Washbourne has extensive consulting experience in the commercial cleaning space, and has secured contracts with various companies. A reorganization of this business is the only way unsecured creditors receive any distribution.

### B.    Debtor's Efforts to Gain Plan Support from Secured Creditors

There are four creditors that hold secure claims against Advance pursuant to UCC filings.  One creditor has an interested in leased collateral to Advance, and three other "merchant advance" companies loaned Advance monies to assist with cash flow issues. It is believed that the first secured creditor is partially secured, and the other two creditors holding secured claim based on UCC filings are wholly unsecured.   Advance's counsel has been in communication with the attorney for the first two filed UCC creditors and it is hoped an agreement can be reached on a consensual plan.

### C.    Debtor's Efforts to Gain Plan Support from Priority and Unsecured Creditors

Priority Tax Creditors

The Debtor does have priority tax creditor claims and those claims will be paid in full with interest.

General Unsecured Creditors

The Debtor will allocate all of its projected disposable income over the term of the plan (projected to be 36 months) to fund a distribution to General Unsecured creditors. As of the date hereof, the Debtor estimates the total pool of allowed general unsecured claims, including insider claims, to be approximately $1,300,000. The proposed plan will satisfy the best interests of creditors, and such plan will leave creditors better off versus a chapter 7 liquidation. For this reason, the Debtor is hopeful that unsecured creditors will support the plan, and if not, the Debtor will argue for confirmation of the proposed plan over any unsecured creditor objection(s) or lack of vote(s). As of the date hereof, the Debtor is not aware of a major unsecured creditor who intends to vote against the Plan.

For all the foregoing reasons, the Debtor is hopeful that it can confirm a fully consensual plan.

Respectfully Submitted,

Dated: July 1, 2025

/e/ John D. Lamey III
John D. Lamey III, Esq., Atty ID:0312009
980 Inwood Ave N
Oakdale, MN 55128
651-209-3550
Fax 651-789-2179
***Attorney for the Debtor***