UNITED STATES BANKRUPTCY COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| In re:<br><br>Advance Companies Inc.,<br><br>Debtor | Chapter 11<br>Case Number: 25-41603<br>Judge William J. Fisher<br><br>MEMORANDUM OF LAW AND FACT IN SUPPORT OF MOTION TO SUSPEND AUTOMATIC STAY |

Patricia Vauk ("Movant" or "Vauk") submits this memorandum of law in support of her Motion for Relief from the stay in the above-entitled matter. Movant seeks relief from automatic stay in order to commence a lawsuit against Advance Companies, Inc. in hopes of collecting from the Minnesota Contractor Recovery Fund and not directly from the Debtor.

BACKGROUND

1. Patricia Vauk owns a home at 3209 47th Avenue South in the city of Minneapolis, Minnesota ("The Property"), legally described as Lot 20, Block 002, Frazee & Jerome's Addition to Minneapolis. (Declaration of Patricia Vauk, ¶ 1.)

1

2. Debtor Advance Companies is a corporation organized under the laws of Minnesota, having a registered office address of 126 North 3rd Street, Suite 402, Minneapolis, Minnesota, 55401. Advance is a prior holder of a Minnesota Building Contractor's License.

3. Vauk entered into a contract with Advance for remodeling services on The Property on May 19, 2024, and a second contract for additional work on January 6, 2025 (collectively "The Contract"). Advance began construction by gutting Vauk's home, but soon stopped work. (*Id*, ¶ 2,3)

4. After many months of inaction, Advance notified Vauk via a letter dated April 15, 2025, that it would no longer be able to perform the agreed-upon construction services because of insolvency. (*Id*, ¶ 3)

5. Vauk's home remains uninhabitable. (*Id*, ¶ 5)

6. Vauk paid Advance $25,869 on August 16, 2024; $100,000.00 on October 14, 2024; and $52,150 on January 6, 2025. To date, Vauk has paid Advance a total of $178,019.00 (*Id*, ¶ 4)

7. Advance has completed approximately $5000 worth of the construction work agreed to in The Contract. Advance has failed to deliver $173,019.00 worth of construction on Vauk's home. (*Id*, ¶ 5)

8. Through counsel, Vauk was in the process of commencing an action in Minnesota District Court, but prior to commencement of the action Advance

filed for Chapter 11 Bankruptcy. (*Id*, ¶ 7.) Minn. Stat. § 326B.89 creates a Contractor Recovery Fund for precisely this situation, the purpose of which is to compensate certain owners of residential property who have suffered a direct and out-of-pocket loss due to the misconduct of a licensed residential contractor.

9. In order to pursue relief from the Contractor Recovery Fund, Vauk needs a final judgment from a court of competent jurisdiction. Accordingly, she must commence a lawsuit against Debtor and obtain a judgment. Vauk anticipates that judgment will be obtained by way of confession or default. (*Id*, ¶ 8)

10. As the Debtor is liquidating under Chapter, and there may be either no distribution or little distribution to the Debtor's creditors, Vauk's best chance of recovery is through application to the Contractor Recovery Fund.

ARGUMENT

Vauk can establish sufficient Cause to warrant the modification of the Automatic Stay. 11 U.S.C § 362(d) provides that on request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under 11 U.S.C. § 362(a) of this Section for cause.

> "Cause" as used in § 362(d)(1) has no clear and limited definition and, therefore, is determined on a case by case basis… "Cause" is an intentionally broad and flexible concept that permits the Bankruptcy Court, as a court of equity, to respond to inherently fact-sensitive situations.

3

*In re Texas Optical, Inc.,* 188 B.R. 552, 556 (Bankr. E.D. Tex. 1995) (citations omitted). The standard for "cause" under § 362(d)(1) is broad and may extend beyond one enumerated ground of lack of "adequate protection" as defined by 11 U.S.C. § 361. *In re Lilyerd*, 49 B.R. 109, 116 (Bankr. D. Minn. 1985) (citing *In Re Rich*). Such cause exists here for the reasons.

 First, modification of the stay would permit Vauk to pursue relief from the Contractor Recovery Fund for the purpose of recovering her actual and direct out of pocket loss from the Fund. Absent Vauk obtaining judgment, she may have no opportunity to recover restitution for her losses and accordingly the harm in denying Vauk's request is substantial.  Second, providing Vauk the requested relief is unlikely to interfere with the administration of the Debtor's bankruptcy case and will have no material impact on the Debtor's liquidation as it would only terminate the injunction and would not dispose of any property or interest in property. See e.g. *In re Brook Valley VII, Joint Venture,* 496 F.3d 892, (8th Cir. 2007).

 Because Vauk is requesting relief solely for the purpose of obtaining restitution from the Contractor Recovery Fund and would not be permitted to collect the resulting judgment from the Debtor directly while the stay remains in effect, there is no prejudice to the bankruptcy estate, the Debtor, or the Debtor's other creditors whatsoever.

Based on the foregoing, the impact of the stay on the parties and the balance of the harms between the Debtor and Vauk supports providing the requested relief. For this reason, and because the interests of judicial economy and the expeditious and economical resolution of Vauk's underlying claim, "cause" exists within the meaning of § 362(d)(1) and this Court should modify the stay provided by § 362(a)(1) and permit Vauk to commence an action against the Debtor in state court so that she may obtain judgment and pursue relief from the Contractor Recovery Fund.

## CONCLUSION

WHEREFORE, Patricia Vauk respectfully requests that the Court provide her the requested relief and modify the automatic stay of 11 U.S.C. § 362(a) so that she may commence a lawsuit against the Debtor and obtain judgment, permitting them the opportunity to recover on her losses from the Minnesota Contractor Recovery Fund.

Respectfully Submitted,

Dated August 11, 2025                      /S/David Wilson
MN # 0280239
Wilson Law Group
3019 Minnehaha Avenue
Minneapolis, MN 55406
6124367112
dwilson@wilsonlg.com