UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

___

| | |
|---|---|
| In re: | Case No. 25-41603 WJF |
| | Chapter 11 Case |
| Advance Companies, Inc., | |
| | **NOTICE OF HEARING & MOTION FOR ORDER GRANTING RELIEF FROM AUTOMATIC STAY FILED** |
| Debtor. | **BY NOEL & JEFFREY DONAHUE** |

___

TO: ALL INTERESTED PARTIES SPECIFIED IN BANKRUPTCY RULE 4001 AND LOCAL RULE 9013-3:

1. The undersigned, acting as counsel for Noel and Jeffrey Donahue, who are interested parties in this matter, moves the Court for entry of an order granting relief from the automatic stay and provides notice of the related hearing.

2. The Court will hold a hearing on the above-captioned motion (this "Motion") at **10:30 a.m. on Tuesday, September 9, 2025**, before Judge William J. Fisher. Please contact Judge Fisher's Courtroom Deputy by email at mnb_fisher_hearings@mnb.uscourts.gov or by telephone at 651-848-1061 to obtain the dial-in information.

3. Any response to this motion must be filed and served not later than September 4, 2025 which is five days before the time set for the hearing (including Saturdays, Sundays and holidays). **UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.**

1

4. The Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334, and Rule 5005 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant 28 U.S.C. §§ 1408 and 1409.

5. This Motion arises under Section 362(d) of Title 11 of the United States Code (the "Bankruptcy Code") and Bankruptcy Rule 4001. This Motion is filed pursuant to Bankruptcy Rule 9014 and Local Rules 4001-1, 9006-1, 9013-2, and 9013-3. Movants seek relief from the automatic stay of 11 U.S.C. § 362 in order to seek relief from the Contractor Recovery Fund as outlined below.

## FACTS

1. Noel and Jeffrey Donahue's home located at 5540 Pine Hill Road, Duluth, MN 55810 was severely damaged by a fire in April of 2024.

2. The Donahues submitted a claim to their insurance carrier, State Farm Insurance Company, which approved payments for repair of the house in the Spring of 2024.

3. State Farm Insurance Company referred the claim to their contractor, who in turn hired Advance Companies (Debtor) as the general contractor for the project.

4. On June 8, 2024, Advance Companies and Noel Donahue signed a proposal in which Advance Companies agreed to repair the damages to the house, and the Donahues initially agreed to pay a total of $236,732.95 to be paid in installments when certain work benchmarks were reached.

5. On or around July 17, 2024, Advance Companies and various sub-contractors under their employ commenced work on the property.

2

6. From July 17, 2024 to November 1, 2024, the Donahues made payments to Advance Companies totaling $302,156.48.

7. By early November 2024, Advance Companies and their subcontractors largely stopped working on the project and completely ceased operations in January 2025. It is estimated that the work that was completed is valued at $151,156.48, though much of the work has been deemed to be of substandard quality by consulting engineers and must be repaired or completely redone.

8. Additionally, Advance Companies failed to pay its subcontractors at least $44,000, resulting in multiple mechanics' liens being filed on the Donahues' property.

9. On May 29, 2025, Advance Companies filed a Petition commencing this Chapter 11 case (the "Petition Date").

10. The Donahues seek relief from the automatic stay to commence a civil case in St. Louis County against the Debtor to obtain a default judgment and to use the default judgment from that proceeding for the sole purpose of applying for relief from the Contractor Relief Fund through the Minnesota Department of Labor and Industry.

**RELIEF REQUESTED**

11. Through this Motion, Movant requests this Court to issue an order, pursuant to Section 362 of the Bankruptcy Code and Rule 4001 for the Federal Rules of Bankruptcy Procedure, modifying the automatic stay to allow Movant to prosecute the above-identified claims against the Debtor to judgment and use the judgment from that proceeding to apply for relief from the Contractor Relief Fund through the Minnesota Department of Labor and Industry.

**NO PRIOR REQUEST**

12. No other request for the relief sought in this Motion has been made by Movant to this or to any other court.

13. Pursuant to Local Rules 9013-2 and 4001-1, this Motion is verified and is accompanied by a memorandum of law, proof of service, and a proposed order.

WHEREFORE, Movants respectfully request the entry of an order:

1. Granting relief from the automatic stay so the Movants can prosecute claims against the Debtor to judgment and use a default judgment from that proceeding to apply for relief from the Contractor Relief Fund through the Minnesota Department of Labor and Industry; and

2. Granting such other relief as the Court deems just and equitable.

Dated: August 11, 2025                    LOMMEN ABDO, P.A.

*BY /s/ Barry A. O'Neil*
Barry O'Neil, ID No. 0220875
920 Second Avenue South, Suite 1000
Minneapolis, MN 55402
612-339-8131
barry@lommen.com

*Attorneys for Noel and Jeffrey Donahue*

## VERIFICATION

I, Jeffrey Donahue, one of the Movants in the action addressed above, declare that the facts set forth in the preceding motion are true and correct to the best of my knowledge, information, and belief. In addition, this verification is made on my personal knowledge, sets forth only facts that would be admissible in evidence, and I am competent to testify to the matters stated in such document.

DATED: 8/7, 2025

Jeffrey Donahue

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

In re:

Advance Companies, Inc.,

Debtor.

Case No. 25-41603 WJF
Chapter 11 Case

**MEMORANDUM OF LAW IN SUPPORT OF AN ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY FILED BY NOEL & JEFFREY DONAHUE**

---

The undersigned, acting as counsel for Noel and Jeffrey Donahue (the "Movants"), who are interested parties in this matter, submit this memorandum of law in support of the accompanying motion (the "Motion"), in accordance with Local Rule 9013-2(a).

## BACKGROUND

The facts supporting this memorandum are set forth in the Motion. All capitalized terms used but not specifically defined in this memorandum have the meaning ascribed to them in the Motion.

## LEGAL ANALYSIS

Movants are entitled to relief from the automatic stay to pursue adjudication of a civil lawsuit in order to apply for relief from the Contractor Recovery Fund through the Minnesota Department of Labor and Industry. Cause exists for the same pursuant to 11 U.S.C. 362(d)(1). The Bankruptcy Code provides:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or condition such stay... (1) for cause, including the lack of adequate protection of an interest in property for such party in interest.

11 U.S.C. § 362(d)(1). Cause has been defined as "any reason whereby a creditor is receiving less than his bargain from a debtor and is without a remedy because of the bankruptcy proceeding." *In re Martens*, 331 B.R. 395, 397 (Bankr. D. Minn. 2005) (citing *In re Food Barn Stores, Inc.*, 159 B.R. 264 (Bankr. D. Minn. 1993)). "Cause is a flexible concept and courts often...examin[e] the totality of the circumstances to determine whether sufficient cause exists to lift the stay." *In re SCO Group, Inc.*, 395 B.R. 852, 856 (Bankr. D. Del. 2007).

Under Section 362(d), the party seeking relief of an automatic stay bears the burden of proof on the debtor's equity in the property. 11 U.S.C. § 362(g). But "if a creditor seeking relief from the stay has made a prima facie case of 'cause' for lifting the stay, the burden of going forward shifts to the debtor pursuant to § 362(g)." *In re Laguna Associates, L.P.,* 147 B.R. 709, 714-15 (Bankr.E.D.Mich. 1992), aff'd, 30 F.3d 734 (6th Cir. 1994).

Courts consistently adhere to the rationale underlying § 362(d), meaning that it is often suitable to permit litigation to proceed in a non-bankruptcy forum, provided there is no detriment to the estate. This approach allows parties to remain in their selected forum and alleviates the bankruptcy court from responsibilities that can be managed elsewhere. For instance, in *In re Sonnax Industries, Inc.*, 907 F.2d 1280 (2d Cir. 1990), the court identified several factors to consider when deciding whether to lift the stay, emphasizing the importance of judicial economy and the interests of the parties involved. Similarly, *In*

2

*re Robbins*, 964 F.2d 342, (4th Cir. 1992), highlighted the necessity of evaluating the impact on the bankruptcy estate and the potential for prejudice. These cases illustrate the judiciary's commitment to balancing the interests of the debtor with the efficient administration of justice in non-bankruptcy forums.

Though courts differ in their application of the various factors, they often consider the following in their "cause" analyses: (i) whether the balance of harms favors stay relief; (ii) whether resolution of the pending litigation involves bankruptcy law or state law issues; and (iii) whether litigating in a non-bankruptcy forum furthers judicial economy. *See In re Project Orange Associates, LLC*, 432 B.R. 89, 104 (Bankr. S.D.N.Y. 2010).

Courts generally conclude that, where the Debtor has liability coverage for defense costs and any resulting judgment, the balance of the harms favor stay relief. *In re Johnson*, 115 B.R. at 636 ("Whether insurance coverage with a duty of defense is available to the debtor or the estate, or, conversely, whether the conduct of the defense will impose a financial burden on the debtor or the estate"); *see Matter of Holtkamp*, 669 F.2d. 505, 508 (7th Cr. 1982).

In *Holtkamp,* the court held that allowing a personal injury action against the debtor to proceed did not harm the debtor where the debtor's insurance company had "assumed full financial responsibility for defending that litigation." *Id.* This notion has a long history, including in *Foust v. Munson S.S. Lines*, 229 U.S. 77, 87-88 (1936), in which the Supreme Court allowed a wrongful death action against a bankrupt defendant to proceed despite the stay, stating that plaintiff was "entitled to maintain an action against the insurer for the amount of his judgment but not exceeding the amount of insurer's liability to the debtor

3

under the policy." *See also In re Winterland*, 101 B.R. 547 (C.D. Ill 1988); *In re Honosky*, 6 B.R. 667, 669 (Bankr. S.D. W.Va. 1980).

Though the present matter does not involve personal injury or wrongful death, the same principles apply. In the present matter, similar to *Fouse v. Munson S.S. Lines,* the Movants seek to file a civil claim against the Debtor. However, the purpose of the claim is to acquire a judgment to use for the application of relief from the Contractor Recovery Fund through the Minnesota Department of Labor and Industry. The Contractor Recovery Fund, in this sense, serves the same purpose as liability insurance in that it can satisfy a judgment from a civil claim. Accordingly, pursuing the civil claim will not prejudice the Debtor or its estate because the cost to defend and pay any judgment will be borne by the Contractor Recovery Fund. This is evidenced by the limited relief requested, in that Movants will only seek judgment for the purpose of applying to the Contractor Recovery Fund, not the estate's assets.

Finally, permitting the civil claims to proceed outside of the bankruptcy process will favor judicial economy by (i) expediting resolution of the matter rather than further delaying it; (ii) allowing a resolution of the case as to all parties (including non-debtors) in the action; (iii) allowing a court with specialized knowledge and experience with the case and state law insurance and personal injury issues to complete adjudication, and (iv) avoiding inconsistent rulings on substantive matters in the case. See, e.g., *In re Residential Capital, LLC*, 508 B.R. 838, 848 (Bankr. S.D.N.Y. 2014) (analyzing judicial economy and discussing factors favoring remand to state court).

## CONCLUSION

For all of the foregoing reasons, the Court should grant the Motion and grant relief from the automatic stay to allow the Movants to file a civil claim and a resulting judgment for the sole purpose of applying to the Contractor Recovery Fund.

Dated: August 11, 2025　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　LOMMEN ABDO, P.A.

　　　　　　　　　　　　　　　　　　　　BY /s/ Barry O'Neil
　　　　　　　　　　　　　　　　　　　　Barry O'Neil, ID No. 0220875
　　　　　　　　　　　　　　　　　　　　920 Second Avenue S, Suite 1000
　　　　　　　　　　　　　　　　　　　　Minneapolis, MN 55402
　　　　　　　　　　　　　　　　　　　　612-339-8131
　　　　　　　　　　　　　　　　　　　　barry@lommen.com

　　　　　　　　　　　　　　　　　　　　*Attorneys for Noel and Jeffrey Donahue*

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

In re:  

Advance Companies, Inc.,
Debtor.

Case No. 25-41603 WJF

Chapter 11 Case

**UNSWORN CERTIFICATE OF SERVICE**

---

     I, Barry A. O'Neil, attorney licensed to practice law in this Court, declare, that on August 11, 2025, I caused the following documents:

1. Noel and Jeffrey Donahue's Notice of Hearing & Motion for Order Granting Relief From Automatic Stay;
2. Memorandum of Law in Support of an Order Granting Relief From the Automatic Stay;
3. Proposed Order Granting Motion for Relief from Automatic Stay; and
4. Unsworn Certificate of Service.

to be served by automatic e-mail notification to each person or entity named on the Notice of Electronic Filing that is automatically generated by the court's Electronic Case Filing System. This constitutes service or notice of the filed document(s) on Filing Users pursuant to Local Bankruptcy Rule 9006-1(a). I further certify that I caused a copy of the foregoing document(s) to be served by First Class U.S. Mail as noted below upon the following parties:

| | |
|---|---|
| (US Trustee)<br>Colin Kreuziger<br>US Trustee Office<br>1015 US Courthouse<br>300 South 4th St., Suite 1015<br>Minneapolis, MN 55415 | (Attorney for Debtor)<br>John D. Lamey, III<br>Lamey Law Firm, P.A.<br>980 Inwood Ave N.<br>Oakdale, MN 55128 |
| (Trustee)<br>Mary Sieling<br>Sieling Law, PLLC<br>12800 Whitewater Dr.<br>Ste. 100, #3201<br>Minnetonka, MN 55343 | (Debtor)<br>Advance Companies<br>350 73rd Ave NE, Unit 15<br>Fridley, MN 55432 |

| | |
|---|---|
| (By U.S. Mail)<br>Attn: Officer or Managing/General Agent<br>ABC SUPPLY CO<br>15631 COLLECTION CENTER<br>Chicago, IL 60693-0156 | (By U.S. Mail)<br>Attn: Officer or Managing/General Agent<br>CANFIELD CAPITAL LLC<br>30 N GOULD ST STE R<br>Sheridan, WY 82801 |
| (By U.S. Mail)<br>Attn: Officer or Managing/General Agent<br>B & D PLUMBING HEATING & AIR<br>4145 MACKENZIE COURT N.E.<br>Saint Michael, MN 55376 | (By U.S. Mail)<br>Attn: Officer or Managing/General Agent<br>CBIZ ADVISORS, LLC<br>12993 COLLECTIONS CENTER DR<br>Chicago, IL 60693 |
| (By U.S. Mail)<br>Attn: Officer or Managing/General Agent<br>CABINETRY CONCEPTS<br>14410 AZURITE STREET NW<br>Anoka, MN 55303 | (By U.S. Mail)<br>Attn: Officer or Managing/General Agent<br>CLOUD CONTENTS, INC<br>14160 BASALT ST NW<br>Anoka, MN 55303 |
| (By U.S. Mail)<br>Attn: Officer or Managing/General Agent<br>FYM CAPITAL LLC<br>433 PLAZA REAL, STE 275<br>Boca Raton, FL 33432 | (By U.S. Mail)<br>Attn: Officer or Managing/General Agent<br>LIQUIDITY ACCESS LLC<br>25 MELVILLE PARK RD, STE 60<br>Melville, NY 11747-3172 |
| (By U.S. Mail)<br>Attn: Officer or Managing/General Agent<br>GARAGE FORCE<br>18525 HWY 212<br>Norwood Young America, MN 55368 | (By U.S. Mail)<br>Attn: Officer or Managing/General Agent<br>OVERCOTT EXTERIORS<br>19717 JACKIE LANE<br>Rogers, MN 55374 |
| (By U.S. Mail)<br>Internal Revenue Service<br>PO Box 7346<br>Philadelphia, PA 19101-7346 | (By U.S. Mail)<br>Attn: Officer or Managing/General Agent<br>UZ INSULATION SERVICES<br>3021 162ND LANE NW<br>Andover, MN 55304 |
| (By U.S. Mail)<br>Attn: Officer or Managing/General Agent<br>HAMERNICK'S FLOORING SOLUTIONS<br>9449 SCIENCE CENTER DRIVE<br>STE 200<br>Saint Paul, MN 55117 | (By U.S. Mail)<br>ROGER WASHBOURNE<br>6725 NEW YORK AVE S<br>APT 653<br>EDINA, MN 55435-3241 |

| | |
|---|---|
| (By U.S. Mail)<br>Attn: Officer or Managing/General Agent<br>SEDGWICK CLAIMS MANAGEMENT SERVICES<br>PO BOX 639153<br>Cincinnati, OH 45263 | (By U.S. Mail)<br>Attn: Officer or Managing/General Agent<br>HEALTHPARTNERS<br>PO BOX 772648<br>Detroit, MI 48277 |
| (By U.S. Mail)<br>Attn: Officer or Managing/General Agent<br>SCHERER BROTHERS LUMBER COMPANY<br>PO BOX 1450<br>Minneapolis, MN 55485 | (By U.S. Mail)<br>Attn: Officer or Managing/General Agent<br>SOUTH SIDE ELECTRIC, INC<br>9201 EAST FWY, SUITE X<br>Minneapolis, MN 55420 |
| (By U.S. Mail)<br>Attn: Officer or Managing/General Agent<br>JGC PAINT WORK LLC<br>1235 BUSH AVE<br>Saint Paul, MN 55106 | (By U.S. Mail)<br>Attn: Officer or Managing/General Agent<br>TRUE BLUE CONSTRUCTION SERVICES LLC<br>7103 HWY 65 NE<br>Minneapolis, MN 55432 |

I declare, under penalty of perjury, that the foregoing is true and correct.

Executed on August 11, 2025                              /s/ Barry A. O'Neil

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

In re:  
Advance Companies, Inc.,

Debtor.

Case No. 25-41603 WJF
Chapter 11 Case

**ORDER GRANTING RELIEF FROM STAY**

This case is before the Court on the Motion of Noel and Jeffrey Donahue, who are interested parties, for relief from the automatic stay imposed by 11 U.S.C. § 362(a). Based on the record, the Court finds that grounds exist under 11 U.S.C. § 362(d) to warrant relief.

IT IS ORDERED:

1. The motion for relief from stay is granted as follows.

2. The automatic stay imposed by 11 U.S.C. § 362(a) is terminated such that the Movants Noel and Jeffrey Donahue may pursue their civil actions against the Debtor for the limited purpose of allowing Movants to pursue a claim against the Contractors Recovery Fund administered by the Minnesota Department of Labor and Industry.

3. Notwithstanding Fed. R. Bankr. P. 4001(a)(3), this order is effective immediately.

IT IS SO ORDERED

Dated: _____

_____  
William J. Fisher  
United States Bankruptcy Judge